UNITED STATES DISTRICT COURT FOR THE
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RUI'AN FENGQIU BATHROOM SANITARY WARE CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> RYUWANKU US, FRANSITON, AND VOTON <br><br> *Defendants*. | Civil Action No. 4:25-cv-1412 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Rui'an Fengqiu Bathroom Sanitary Ware Co., Ltd. ("RFBS" or Plaintiff) hereby brings the present action against Defendants Ryuwanku US, FRANSITON, and VOTON (collectively, "Defendants"), all of which are stores on Amazon.com, for infringement of United States Patent No. 12,024,865 ("Patent-in-Suit" or the "'865 Patent") and alleged as follows:

### INTRODUCTION

1.  RFBS files this action as the exclusive licensee of United States Patent No. 12,024,865 ("'865 Patent") to combat foreign entities who are infringing upon the patented design by importing, selling, and/or offering for sale the Infringing Products, as shown in Exhibit 1. Plaintiff has been and continues to be irreparably damaged as a result of Defendants' infringing actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented invention and seeks injunctive and monetary relief.

### JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants directly targets business activities toward consumers in the United States, including Texas, through at least the fully interactive, commercial Internet stores operating on Amazon.com (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Texas residents by operating one or more commercial, interactive Defendant Internet Stores through which Texas residents can purchase products featuring Plaintiff's patented design. Defendants have targeted sales from Texas residents by operating online stores that offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Texas. *See* Exhibit 1. Defendants are committing tortious acts in Texas, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Texas.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are, upon information and belief, not resident in the United States and therefore may be sued in any judicial district.

5. Joinder in this matter is proper under 35 U.S.C. § 299(a), as the right to relief is asserted against Defendants with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product. For example, Defendants all offer for sale the same or substantially identical infringing products on Amazon thereby establishing a logical connection between them as to at least a common development and manufacturing source of the infringing products. Furthermore, the Defendant Internet Stores share unique identifiers, such as using the same or substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a shared aggregate of operative

facts to suggest that Defendants' infringement operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Joinder is further proper as questions of fact common to all Defendants will arise in the action. For example, because the infringing products are the same, common questions of fact, such as infringement, will arise as to all Defendants.

## THE PARTIES

6. Plaintiff Rui'an Fengqiu Bathroom Sanitary Ware Co., Ltd. is a Chinese business entity with a principal place of business in Wenzhou, Zhejiang China.

7. Upon information and belief, Defendants are an interrelated group of foreign partnerships or other unincorporated associations or entities operating the Amazon storefronts identified as Ryuwanku US, FRANSITON, and VOTON from the People's Republic of China.

## BACKGROUND

**I.   RFBS and the '865 Patent**

8. Wenzhou Yisheng Sanitary Ware Co., Ltd. ("Yisheng"), a limited company in China with its principal place of business in Wenzhou, Zhejiang Province, China, is the named applicant and assignee of the '865 Patent, entitled "FAUCET SHELL AND FAUCET MADE OF SUCH SHELL." Exhibit 2, the '865 Patent.

9. An Exclusive Patent License Agreement ("Agreement") has made effective as of October 21, 2025, by and between Yisheng and RFBS, granting RFBS the exclusive right to enforce, manufacture, sell, import, and otherwise use and practice the '865 Patent in the U.S., as shown in Exhibit 3.

10. The '865 Patent was originally issued on July 02, 2024. *See* Exhibit 2.

11. The '865 Patent enjoys an earliest effective filing date of May 26, 2022. *Id*.

12. The named inventor of the '865 Patent is Shizhu Qian in Wenzhou, China. *Id*.

13. Yisheng is the owner of the complete title, rights, and interest in the '865 Patent.

14. Yisheng or RFBS has not granted a license or any other form of permission to Defendants to practice the '865 Patent.

## II.  Defendants and the Infringing Products

15. Defendants own and/or operate the Amazon storefronts identified as Ryuwanku US (Store ID: A31Z4MPVXMVGE2), FRANSITON (Store ID: ANV6ZRITDT8HG), and VOTON (Store ID: A2MMDCAIGSYNSB).

16. Through the identified storefronts, Defendants offer for sale and sell Bathroom Faucets under at least the following Amazon Standard Identification Numbers ("ASINs"): B09654KMWZ, B09YD9JWND, and B08HV9PZGK ("Infringing Products"). *See* Exhibit 1.

17. The Infringing Products are available for over-night shipping to the 75035 zip code, which applies to Collin County. *Id.*

18. Defendants, without any authorization or license from Yisheng or RFBS, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the Infringe Products in violation of the exclusive rights granted under the '865 Patent.

19. Defendants' infringement of the '865 Patent in the offering to sell, selling, or importing of the Infringing Products is willful, at least as of the filing of this amended complaint, if not earlier.

20. Defendants' infringement of the '865 Patents in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Texas, is irreparably harming RFBS.

## COUNT I - INFRINGEMENT OF UNITED STATES PATENT NO. 12,024,865
### (35 U.S.C. § 271)

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that directly infringe the ornamental design claimed in the '865 Patent. *See* Exhibit 4, Exemplary Claim Chart.

23. As shown in Exhibit 4, the design of the Infringing Products appear substantially similar to the claimed design of the '865 Patent to the eye of an ordinary observer. *Id*.

24. Defendants have infringed the '865 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused RFBS to suffer irreparable harm resulting from the loss of its lawful patent rights as the exclusive licensee of the '865 Patent to exclude others from making, using, selling, offering for sale, and importing the patented inventions. RFBS will further suffer irreparable harm due to loss of goodwill and reputation, and price erosion. As the exclusive licensee with the right to enforce the patent, RFBS is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '865 Patent, RFBS will be greatly and irreparably harmed.

26. RFBS is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. RFBS is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

(1) Entry of an Order directing that Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by the rights owner of the '865 Patent and that include any reproduction, copy or colorable imitation of the design claimed in the '865 Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '865 Patent; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

      a.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '865 Patent;

      b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the '865 Patent; and

      c.      take all steps necessary to prevent links to the Defendant Internet Stores identified herein from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3)    A finding that Defendants have willfully infringed upon the '865 Patent;

(4)    That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate for infringement of the '865 Patent, including and not limited to all of the profits realized by Defendant from Defendant's infringement of the '865 Patent and/or a reasonable royalty;

(5)    That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

(6)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

(7)    Any and all other relief that this Court deems just and proper.

| | |
|---|---|
| DATED December 18, 2025 | Respectfully submitted,<br><br>*/s/ Timothy Wang*<br>Timothy Wang<br>Texas Bar No.: 24067927<br>twang@nilawfirm.com<br><br>**NI, WANG & MASSAND, PLLC**<br>8140 Walnut Hill Ln., Ste. 615<br>Dallas, TX 75231<br>Tel: (972) 331-4600<br>Fax: (972) 314-0900<br><br>*Counsel for Plaintiff* |