# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **RUI'AN FENGQIU BATHROOM SANITARY WARE CO., LTD.,** *Plaintiff,* v. **RYUWANKU US, FRANSITON, AND VOTON** *Defendants.* | **Civil Action No.** 4:25-cv-1412 |

**PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY AND <u>ALTERNATIVE SERVICE</u>**

Plaintiff Rui'an Fengqiu Bathroom Sanitary Ware Co., Ltd., ("Plaintiff" or "RFBS") seeks entry of an *ex parte* order for expedited discovery and alternative service in an action arising out of 35 U.S.C. § 271.

## I.     INTRODUCTION

Defendants are actively infringing upon Plaintiff's intellectual property rights protected by U.S. Patent No. 12,024,865 ("'865 Patent"), titled "Faucet Shell and Faucet Made of Such Shell." As set forth in Plaintiff's Complaint, Defendants are engaging in the unauthorized use of Plaintiff's intellectual property, including the unauthorized manufacturing, making, using, selling, offer for sale, and/or importing into the United States faucet products that infringe the '865 Patent (the "Infringing Products"). These actions are in direct violation of Plaintiff's exclusive rights, causing significant and irreparable harm to Plaintiff's business. Absent immediate reliefs, Defendants will continue to sell Infringing Products, and move any resulting revenue beyond this Court's jurisdiction, inhibiting Plaintiff's ability to recover monetary relief and causing irreparable harm to the goodwill tied to Plaintiff's business.

Plaintiff has expended substantial time, money, and other resources in developing, advertising, and continues to extensively market and promote his faucet products. This patented technology is well-recognized by consumers. The patented technology is unique to faucet shells and has become a signature element of Plaintiff's innovative strategy, reducing manufacturing costs and reinforcing its market reputation as a leader in the market.

Defendants place that reputation and goodwill at immediate risk. Plaintiff respectfully requests that this Court issue an *ex parte*[1] order for leave to conduct expedited service and effect service of the complaint by email.

---

[1] Defendants are foreign individuals or companies with means and ability to transfer the assets contained in each Defendant's respective financial accounts (Amazon, PayPal, AliPay, etc.) outside of this Court's jurisdictional reach.

## II.      STATEMENT OF FACTS

### A.      Plaintiff's Products and Patented Design

Plaintiff is the exclusive licensee of the '865 Patent. Wenzhou Yisheng Sanitary Ware Co., Ltd. ("Yisheng") is the named applicant and assignee of the '865 Patent, entitled "FAUCET SHELL AND FAUCET MADE OF SUCH SHELL." Exhibit 2 to Complaint, Dkt. No. 1-2. An Exclusive Patent License Agreement ("Agreement") has made effective as of October 21, 2025, by and between Yisheng and Plaintiff, granting Plaintiff the exclusive right to enforce, manufacture, sell, import, and otherwise use and practice the '865 Patent in the U.S., as shown in Exhibit 3 to Complaint, Dkt. No. 1-3; *See also* Complaint at ¶ 9, Dkt. No. 1.

Neither Plaintiff nor Yisheng has licensed or authorized Defendants to practice the '865 Patent, and none of the Defendants are authorized resellers of licensed products. *Id.* at ¶ 14.

### B.      Defendants' Infringing Activities

Defendants are an interrelated group of infringers working in active concert to make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products, namely faucets, that directly infringe the '865 Patent in the same transaction, occurrence, or series of transactions or occurrences. Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the Defendant Internet stores and the Infringing Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants suggesting that Defendants are interrelated and that the Infringing Products are commonly sourced.

---

If Defendants learn of this suit, it will create an incentive to transfer those assets. *Ex Parte* filing is warranted in this case in the interest of justice.

### III.    ARGUMENT

#### A.  Third-Party Expedited Discovery Is Supported by Good Cause

Rule 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). Although the Fifth Circuit has not adopted a standard for determining whether a party is entitled to expedited discovery, courts within the Fifth Circuit, including the Eastern District of Texas, have applied a "good cause" standard. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-643-SDJ, 2022 U.S. Dist. LEXIS 215924, 2022 WL 17347778, at *1 (E.D. Tex. Nov. 30, 2022); *Hunsinger v. Doe Corp. Utlizing Tel. Nos. 214-469-9158, 954-852-3701, 602-760-5175*, No. 3:22-CV-2444-M-BH, 2022 U.S. Dist. LEXIS 201160, 2022 WL 16722344, at *1 (N.D. Tex. Nov. 4, 2022); *Ensor v. Doe 1-15*, No. A-19-CV-00625-LY, 2019 U.S. Dist. LEXIS 162936, 2019 WL 4648486, at *1 (W.D. Tex. Sept. 23, 2019); *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 U.S. Dist. LEXIS 11132, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

To determine whether good cause exists, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 U.S. Dist. LEXIS 231687, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018) (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). Specifically, when "a party seeks a subpoena for identifying information of anonymous Internet users... 'the court must also balance the need for disclosure against the defendant's expectation of privacy.'" *Ensor*, 2019 U.S. Dist. LEXIS 162936, 2019 WL 4648486, at *2 (quoting *Malibu Media, LLC v. Doe*, SA-19-CV-00601, 2019 U.S. Dist. LEXIS 138845, 2019 WL 3884159, at *1 (W.D. Tex. Aug. 16, 2019)). The court has broad discretion in determining discovery matters. D*ocument Operations, L.L.C. v.*

3

*AOS Legal Techs., Inc.*, No. 20-20388, 2021 U.S. App. LEXIS 25128, 2021 WL 3729333, at *3 (5th Cir. Aug. 23, 2021).

  Here, Plaintiff's request for expedited third party discovery is supported by good cause. The request is further narrowly tailored and reasonably calculated to elicit identifying information of the Defendants' anonymous Amazon storefronts. For example, Plaintiff moves for an order permitting Plaintiff to serve upon Amazon a third-party subpoena to produce documents relating to the registered identity, contact information, such as email addresses, and relevant sales information of Defendants. Since Defendants are likely to not participate in this proceeding, expedited discovery is necessary to unearth Defendants' identity, contact information, nature of their operation, and relevant sales of accused products. *See, e.g., Strike 3 Holdings, LLC*, 2022 U.S. Dist. LEXIS 215924, WL 17347778, at *1, *3 (permitting expedited discovery to serve subpoena on third party who owned specific IP address to obtain third party's legal name and physical address); *Hunsinger*, 2022 U.S. Dist. LEXIS 201160, 2022 WL 16722344, at *1-2 (permitting expedited discovery to serve subpoenas on third parties who owned specific phone numbers to determine identities).

  Specifically, expedited third-party discovery is necessary to learn Defendants' contact information and associated e-mail address, as provided by Defendants to Amazon during registration of the identified storefronts, so that Plaintiff can effectuate service of process by e-mail. Indeed, Defendants have little to no expectation of privacy in their electronic mail addresses. In fact, Defendants were required to provide a valid electronic mail address to Amazon when establishing their seller account. Such electronic mail addresses are used by Amazon to communicate with the seller, including but not limited to all important notices, such as questions from customers or Amazon's actions on the seller's account, including intellectual property

4

violation reports. Moreover, the sought after information is readily stored and in Amazon's possession. Amazon has little burden in producing such information to Plaintiff. Accordingly, Plaintiff respectfully requests that this Court enter an order permitting expedited third-party discovery on Amazon.

### B. Service of Process by Email is Warranted in this Case

Although service by "other means" under Rule 4(f)(3) is considered alternative service, "Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under [Rule 4(f)(1) and Rule 4(f)(2)]." *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. 2011). Electronic service is appropriate and necessary here because Defendants (1) operate via the Internet and (2) primarily rely on electronic communications to operate their businesses and to communicate with Third Party Providers and customers, thereby demonstrating the reliability of email. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13- CV-369, 2014 WL 11342502, at *1 (W.D. Tex. 2014) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Defendants may have provided false names and postal addresses to the e-commerce stores with which they have accounts. However, Defendants must maintain legitimate and accurate email addresses through which they can timely communicate with Third Party Providers about the maintenance of their accounts, and with third-party financial services for retaining sales cash flow. "In special circumstances, the Court will grant leave to effect alternative service without first requiring an attempt to serve defendants through other, conventional means." *WSOU Invs. LLC v. Oneplus Tech. (Shenzhen) Co.*, No. 6:22-cv 00135-ADA, 2022 WL 4126007, at *3 (W.D. Tex. Sept. 9, 2022). Such circumstances include the urgency of the plaintiff's request. *See In re Chinese-*

5

*Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, at *5 (E.D. La. Nov. 9, 2015). Indeed, the "Advisory Committee Notes . . . indicate that Rule 4(f)(3) is appropriately used 'in cases of urgency if convention methods will not permit service within the time required by the circumstances.'" *Id*. (citations omitted).

Federal courts have broad discretion to authorize service of process to individuals in foreign countries by any means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). Courts routinely uphold service by email in actions like this one—infringement actions against foreign online sellers whose business is conducted through electronic communications. *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1017–18 (9th Cir. 2002) (concluding "[w]ithout hesitation" that email service comported with due process where the defendant online seller "had neither an office nor a door; it had only a computer terminal"); *Ouyeinc Ltd. v. Alucy*, No. 20-cv-3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (listing cases upholding email service of process in the Northern District of Illinois and elsewhere). Additionally, the method of service ordered by the district court must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *RPost Holdings, Inc. v. Kagan*, No. 2:11- CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. 2012) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950) (internal quotation marks omitted)); *see also Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. 2007) (recognizing that service by email is permissible under Rule 4(f) of the Federal Rules of Civil Procedure when the court determines that it is reasonably calculated to notify the defendant of the pending lawsuit).

Amazon.com maintains contact email addresses for sellers. Should the Court grant the proposed Temporary Restraining Order, Plaintiff will provide Third Party Providers with notice of

the Order for obtaining contact email addresses of Defendants from Third Party Providers, and quicky effectuate email service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Accordingly, each Defendant will be provided with notice of this action electronically via email. Plaintiffs respectfully suggest an order authorizing email service would benefit the parties and the Court, as it facilitates swift service and the ability to move this action forward expeditiously.

## IV.   CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter an order permitting alternative service in the form submitted herewith.

DATED January 16, 2026.                                                                 Respectfully submitted,

By: */s/ Timothy Wang*
Timothy Wang
Texas Bar No.: 24067927
twang@nilawfirm.com
Jonathan Michael
Texas Bar No. 24134769
jmichael@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*